**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10562 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-01692-DCB-JCG-1 |
| v. | |
| RICARDO ANTONIO LOMAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted April 20, 2012
San Francisco, California

Before: SCHROEDER, THOMAS, and GRABER, Circuit Judges.

Appellant Ricardo Lomas ("Lomas") appeals his conviction by guilty plea to

assault on a federal officer in violation of 18 U.S.C. § 111(a)(1), (b).  He contends

that the district court plainly erred when it rejected his plea agreement and failed to

advise him pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Lomas did not raise this claim at the sentencing hearing, and no plain error occurred because Lomas's substantial rights were not affected. *See United States v. Escamilla-Rojas*, 640 F.3d 1055, 1061–62 (9th Cir. 2011), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Feb. 14, 2012) (No. 11-8864). The district court properly advised Lomas pursuant to Rule 11(c)(5)(A) & (B) that it was rejecting the plea agreement and it gave Lomas the opportunity to withdraw his guilty plea. Although the district court did not advise Lomas, pursuant to Rule 11(c)(5)(C), that if he did not withdraw in his guilty plea, the disposition of his case might be less favorable to him than that contemplated by the plea agreement, this omission did not have any material effect on Lomas's substantial rights.

The record demonstrates that Lomas knew the district court's rejection of his plea agreement would mean the court would likely subject him to a higher sentencing range. The basis for the rejection of the plea agreement was that the government had miscalculated the offense level by failing to make the 6-level upward adjustment required under U.S.S.G. § 3A1.2(b). This 6-level upward adjustment was required because the victim's status as a government officer motivated Lomas's assault. The error came to light in the probation department's presentencing report ("PSR") that Lomas reviewed with his counsel prior to the sentencing hearing.

At the hearing, the district court discussed the discrepancy in open court and made it clear that the error was the reason he rejected the plea. Lomas, after consulting with counsel, chose to go forward on the basis of the guilty plea with full knowledge that the applicable sentencing range would be higher than that contemplated by the plea agreement. The PSR showed the applicable sentencing range to be between 46 and 57 months, and Lomas was sentenced to a term of imprisonment within this range. *See United States v. Alber*, 56 F.3d 1106, 1109 (9th Cir. 1995) (holding that the court's failure to advise the defendant of maximum possible sentence under Rule 11 prior to accepting guilty plea did not affect the defendant's substantial rights because the evidence showed the defendant was already aware of the maximum sentence).

**AFFIRMED.**